KRAUSE v. RETTY.

1. Bills and Notes—Holder in Due Course—Liability of Accommodation Maker.

   In action on promissory note by holder in due course, accommodation maker is liable, even though holder knew, at time of taking note, that maker was only accommodation maker (2 Comp. Laws 1929, §§ 9277, 9278).

2. Same—Question for Jury.

   In action by holder of promissory note against accommodation maker, whether plaintiff was holder in due course, held, question of fact for jury.

Error to Wayne; Murphy (Alfred J.), J. Submitted April 22, 1931. (Docket No. 66, Calendar No. 35,481.) Decided June 1, 1931.

Assumpsit by Jack Krause against Victor Retty and another on a promissory note. Judgment for defendant Retty. Plaintiff brings error. Reversed, and new trial granted.

*Stanley S. Krause* (*Edmund E. Shepherd*, of counsel), for plaintiff.

*Hugh C. Chedester*, for defendant Retty.

WIEST, J. October 30, 1928, defendant Retty, as an accommodation, signed a note for $700, payable in 90 days, to the order of defendant Fire. Plaintiff brought this suit as an alleged good-faith purchaser of the note, for value, from Fire before maturity.

At the trial it was established that Retty was an accommodation maker, and the court instructed the jury as follows:

"Now, members of the jury, since that was an accommodation note, it is incumbent upon the plain-

As to what circumstances are sufficient to put a purchaser of accommodation paper on inquiry in order to secure rights of *bona fide* holder, see annotation in 29 L. R. A. (N. S.) 385.

tiff, Krause, before you may rightfully give Krause a verdict in his favor, that he satisfy you that he is what is called in the law, the holder in due course of that note. Now, what is meant by that? By that is meant that he must show that he is a good faith holder of that note, that he acquired it for value, that he parted with a consideration for it, and did it without any knowledge of the fact that it was an accommodation note between Retty and Fire.

"Therefore, to entitle the plaintiff to your verdict, he must satisfy you by a fair preponderance of the evidence that he is the holder in due course, that he acquired it for value received and in good faith. If the evidence satisfies you of that, the plaintiff should have your verdict.

"What does the defendant contend? The defendant contends that being an accommodation note the circumstances of the case as revealed by the testimony, show that the plaintiff Krause is not a holder in due course, and that he did not acquire it in good faith for a valuable consideration."

If plaintiff was a holder, before maturity, in due course and for value, defendant Retty was liable on the instrument, even though plaintiff knew him to be an accommodation maker. Upon this we quote 2 Comp. Laws 1929, § 9277:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course."

And section 9278:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The court was in error in instructing the jury that, before plaintiff was entitled to a verdict, the burden was on him to show that he not only acquired the note for value and parted with a consideration for it, but as well did so "without any knowledge of the fact that it was an accommodation note between Retty and Fire." Whether plaintiff was a holder in due course was a question of fact for the jury. If plaintiff was a holder in due course it was no defense to show that defendant Retty was an accommodation maker.

For the error pointed out, the judgment is reversed, and a new trial granted, with costs to plaintiff.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.